# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

DEVON TOWNSEND,

    Plaintiff,

v.

STEPHEN T. MOYER,
*Secretary of Public Safety*,
RICHARD J. GRAHAM, JR., *WCI Warden*,
and
JAMES SMITH, *Lieutenant at WCI*,

    Defendants.

Civil Action No. TDC-17-3385

## MEMORANDUM OPINION

Plaintiff Devon Townsend, an inmate at Western Correctional Institution ("WCI") in Cumberland, Maryland, has filed a civil rights action under 42 U.S.C. § 1983 alleging that his rights under the Eighth Amendment to the United States Constitution were violated because he received insufficient outdoor recreation time. Pending before the Court is Defendants Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In his verified Complaint, Townsend alleges that he has been improperly denied 84 days of outdoor recreation. According to Townsend, the general population at WCI is allowed outside of their cells seven days per week. However, on March 13, 2017, he was moved into WCI's Housing Unit 4, a disciplinary segregation unit. Pursuant to WCI Directive No. 110.00006.1, inmates in Housing Unit 4 are to be provided outdoor exercise five days per week for one hour per

day. An order of Defendant Lt. James Smith has further specified that there is no outdoor exercise permitted on Saturdays and Sundays.

Townsend also asserts that because of "reduced activity days," inmates in Housing Unit 4 are denied an additional day of recreation each week, such that Townsend has received only four days of recreation per week. Compl. at 3, ECF No. 1. In an administrative remedy procedure grievance form ("ARP") submitted on March 15, 2017, attached to the Complaint, Townsend also alleged that he did not receive any recreation time from February 16, 2017 to March 13 or 15, 2017.

According to Defendants, in 2017, WCI was placed on lockdown between March 10 and March 15 due to a flu outbreak, and inmates were not permitted out of their cells on those days. Beginning on June 5, 2017 and continuing to March 14, 2018, WCI began a period during which there were certain reduced activity days, the result of which was that inmates in Housing Unit 4 received only four days of recreation per week. Defendants do not provide any information on whether Townsend was denied recreation from February 16, 2017 to March 10, 2017, other than to state that Townsend receives a wake-up call and is "encouraged to stand for formal stand up count if he wished to attend regular out of cell activities" pursuant to WCI policy. Defs.' Mem. Mot. Summ. J. at 2, ECF No. 11-1. They do not identify any reason that Townsend would have been denied recreation between March 15, 2017 and June 5, 2017.

Townsend does not explain how he arrived at the figure of 84 missed days of recreation. Based on the claim in his ARP that Townsend did not receive outdoor recreation between February 16, 2017 and March 15, 2017, he appears to have missed 28 days during that time period. As a result of the reduced activity days policy, between June 5, 2017 and the filing of the Complaint on November 2, 2017, Townsend appears to have missed 14 days of recreation on weekdays that he

2

ordinarily would not have missed. *See* Compl. Ex. 1 at 12, ECF No. 1-1 (identifying reduced activity days on 14 weekdays during this time period); *see also id.* at 9 (suggesting that Townsend's recreation occurred during the 4-12 p.m. shift). In a second ARP attached to the Complaint, Townsend also alleges that he was denied recreation on another day, September 25, 2017. Thus, Townsend's allegations and attached exhibits suggest that he was denied outdoor recreation on 43 days between February 16, 2017 and November 2, 2017. It is not clear whether he is including the lack of recreation on weekend days in his calculation.

Townsend also alleges in the Complaint that when he "is given the opportunity to exercise outside he is place[d] in a kennel" and that "prisons must provide adequate space and equipment for exercise." Compl. at 3. Townsend does not provide any details on the nature of this "kennel" or any description of what equipment, if any, he is provided on the days that he has outdoor recreation.

## DISCUSSION

In their Motion, Defendants seek dismissal or summary judgment on the grounds that the short lockdown in March 2017, during which no recreation was permitted, and the reduced activity days beginning in June 2017, during which recreation time was reduced from five hours per week to four, did not impose cruel and unusual punishment under the Eighth Amendment based on inadequate recreation time. In response, Townsend notes that Defendants have provided no explanation for the lack of recreation from February 16, 2017 to mid-March 2017; asserts, based on entries in WCI Daily Significant Events Forms, that Housing Unit 4 was not on lockdown due to the flu between March 10 and March 15; and alleges that the four hours per week of recreation during the reduced activity days period was inadequate under the Eighth Amendment. Townsend

3

also asserts that due to his experience on disciplinary segregation, he now suffers from anxiety and panic attacks and takes medication for these conditions.

## I. Legal Standards

Defendants' Motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, summary judgment under Rule 56 and attach exhibits in support of the Motion. To the extent that grounds for dismissal are based solely on the contents of the Complaint, the Court may dismiss under Rule 12(b)(6) if the complaint does not allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Rule 12(d) requires courts to treat a Rule 12(b)(6) motion as a motion for summary judgment where matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some indication that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir.

1985) (citation omitted). Here, the notice requirement has been satisfied by the title of the Motion. To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d) explaining why "for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d), or otherwise put the district court on notice of the reasons why summary judgment is premature. *See Harrods, Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002). Here, Townsend has not filed a Rule 56(d) affidavit or otherwise requested discovery in this matter and has instead submitted his own exhibits with his memorandum in opposition to the Motion. Under these circumstances, the Court will construe the Motion as a Motion for Summary Judgment.

Under Federal Rule of Civil Procedure 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49.

Because Townsend is self-represented, his submissions are liberally construed. *See Erickson*, 551 U.S. at 94. Nevertheless, the court must also abide by the "affirmative obligation

5

of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526.

## II.   Eighth Amendment

Townsend argues that his missed recreation time constitutes cruel and unusual punishment, in violation of the Eighth Amendment. Conditions of confinement which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions which are merely restrictive or even harsh, however, "are part of the penalty that criminal offenders pay for their offenses against society" and do not necessarily violate the Eighth Amendment. *Id.* "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that the deprivation of [a] basic human need was *objectively* sufficiently serious, and that *subjectively* the officials acted with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (internal alterations omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

6

A.  **Denied Recreation Time**

In general, a complete deprivation of exercise for an extended period of time may violate the Eighth Amendment. *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992). In evaluating a claim of inadequate exercise time, courts consider the totality of the circumstances, "including the overall duration of incarceration, the length of time for which prisoners are locked in their cells each day, ... and the practical opportunities for the institution to provide prisoners with increased exercise opportunities." *Id.*; *see also Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983) (listing other factors to consider in evaluating an Eighth Amendment claim of denial of out-of-cell exercise, including "the size of the cell, opportunity for contact with other inmates, time per day expended outside the cell, justifications for denial of the right to exercise, physical or psychological injuries resulting from a lack of exercise or a particularized need for exercise").

There is no bright-line rule on when the denial of outdoor recreation becomes unconstitutional. *Compare Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir.2010) ("A prohibition on outdoor exercise of six weeks is a 'sufficiently serious' deprivation to support an Eighth Amendment claim.") *with Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001) (holding that "a denial of yard privileges for no more than 90 days at a stretch is not cruel and unusual punishment"). Nevertheless, the United States Court of Appeals for the Fourth Circuit has held that indefinite segregation housing in which inmates "are confined to their cells for twenty-three hours per day without radio or television [and] receive only five hours of exercise per week" did not violate the Eighth Amendment, where the prison continued to provide the inmates with food, shelter, and other necessities and where no physical injury was alleged. *In re Long Term Administrative Segregation of Inmates Designated as Five Percenters ("Five Percenters")*, 174 F.3d 464, 471-72 (4th Cir. 1999). Other courts have concluded that one hour of exercise per day,

7

five days per week is necessary to comply with the Eighth Amendment. *See Davenport v. DeRobertis*, 844 F.2d 1310, 1315-16 (7th Cir. 1988); *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) (requiring such exercise for inmates confined to a segregation unit for more than four years).

Because, as discussed above, Townsend's Complaint relates to several distinct time periods, the Court will address each period separately.

### 1.  February 16, 2017 to March 9, 2017

In the ARP attached to the Complaint, Townsend asserts that he was wholly denied outdoor recreation between February 16, 2017, and March 9, 2017. In his Opposition to the Motion, Townsend affirms that he considers the alleged deprivation during this time period to be part of his Eighth Amendment claim. Defendants have provided no meaningful response to this allegation. Although Defendants obliquely note that Townsend could have stood up at the formal stand up count if he wished to attend recreation, they make no claim, and offer no evidence, to suggest that Townsend voluntarily refrained from recreation during this time period. Accordingly, the Court will deny the Motion for Summary Judgment as to this time period.

### 2.  March 10, 2017 to March 15, 2017

Defendants contend that Townsend was denied outdoor recreation between March 10 and March 15 because the institution was on lockdown due to a flu outbreak. However, as noted by Townsend, WCI's own records, specifically Daily Significant Events Forms, appear to state that while the institution was on lockdown on March 11 and 12, Housing Unit 4 was not subject to the lockdown on the other dates during this time period. *See* Mot. Summ. J. Ex. 1 at 18-27, ECF No. 11-2. Where there has not been a definitive explanation for the lack of recreation during this time period, and it immediately follows the first period of alleged denial of outdoor recreation over

several weeks, the Court will construe this time period to be appended to the claim relating the first time period.

### 3. March 16, 2017 to June 4, 2017

Neither Townsend's Complaint nor his exhibits suggest that Townsend was denied regular outdoor recreation between March 16, 2017 and June 4, 2017. To the extent that Townsend is claiming that the five days per week of recreation in Housing Unit 4, as opposed the seven days per week that he asserts is provided to the general population, is itself cruel and unusual punishment, that claim would fail under *Five Percenters*, in which the Fourth Circuit found that one-hour recreation periods on each of five days per week, in conjunction with other restrictive conditions, did not violate the Eighth Amendment. *See Five Percenters*, 174 F.3d at 471-72. Defendants are therefore entitled to summary judgment in their favor as to this time period.

### 4. June 5, 2017 to November 2, 2017

On June 5, 2017, the reduced activity days went into effect in Housing Unit 4 and remained in effect as of November 2, 2017, the date on which Townsend filed his Complaint. Townsend contends that, during this period, he received less than the five hours of recreation per week prescribed by WCI's internal directive and instead received only four hours per week or, on occasion, three hours per week. However, the failure to follow prison directives or regulations does not, in and of itself, amount to a constitutional violation. *See Myers v. Kelvenhagen*, 97 F.3d 91, 94 (5th Cir.1996); *Culbert v. Young*, 834 F.2d 524, 628 (7th Cir. 1987); *see also Roberts v. City of Troy*, 773 F.2d 720, 726 (6th Cir. 1985) ("The mere failure to comply with a state regulation is not a constitutional violation."). The issue is whether receiving four hours of outdoor recreation per week, as opposed to five, over a period of five months, constitutes cruel and unusual punishment.

As discussed above, in *Five Percenters*, the Fourth Circuit found no Eighth Amendment violation where the plaintiffs were held in administrative segregation over a period of over three years with only five hours of recreation per week, but also without radio or television, access to work or educational programs. *See Five Percenters*, 174 F.3d 471-72. Here, where Townsend's allegations are limited to the issue of outdoor recreation, a limited, five-month period with one less hour of recreation, but still four hours per week, does not violate the Eighth Amendment. *See id.*; *see also Germain v. Bishop*, TDC-15-1421, 2018 WL 1453336 at *2, *12-13 (D. Md. Mar. 23, 2018) (concluding that an inmate who received five hours of exercise time per week for two years, and within that time period received only one hour of outdoor exercise per week during a 90-day period of cell restriction, was not subjected to cruel and unusual punishment). Particularly where a total deprivation on outdoor exercise may be constitutionally permitted for a certain period of time, this incremental reduction does not rise to the level of cruel and unusual punishment. *See Williams v. Branker*, 462 F. App'x 348, 350, 355 (4th Cir. 2012) (upholding conditions of confinement of a mentally ill patient which provided only five hours outside the cell per week and no outdoor recreation for several years); *Thomas*, 611 F.3d at 1151; *Pearson*, 237 F.3d at 884. The Motion will therefore be granted as to this time period.

The Court notes, however, that Defendants have failed to provide any explanation for the reduced recreation on the reduced activity days. Unlike in cases such as *Williams*, there do not appear to be any special circumstances relating to Townsend that would justify reducing recreation below five hours per week. Where Defendants already reduced recreation in Housing Unit 4 from seven days to five days as a matter of policy, any further reduction in outdoor recreation time necessarily places the amount of recreation below the amount of time referenced in *Five*

*Percenters.* Absent a compelling reason, Defendants should refrain from reducing outdoor recreation below that level if it seeks to avoid litigation and heightened scrutiny from this Court.

### B. Space and Equipment

Townsend also asserts that his outdoor recreation is inadequate because "[w]hen Plaintiff is given the opportunity to exercise outside he is place[d] in a kennel." Compl. at 3. Absent any further description of the "kennel" at issue, the Court assumes that Townsend is referring to a single- or multiple-occupant, enclosed outdoor area. *See Danser v. Stansberry*, 772 F.3d 340, 343 (4th Cir. 2014) (describing "recreation cages" at a federal prison as "about ten feet long and ten feet wide and [able to] hold up to five inmates per cage"). To the extent that Townsend is alleging that placement in a "kennel" or restricted area during outdoor recreation is *per se* unconstitutional, he is incorrect. *See Hosna v. Groose*, 80 F.3d 298, 301, 306 (8th Cir. 1996) (holding that requiring an inmate who is "kept separate from all other inmates at all times" to exercise in an enclosed area is not a *per se* Eighth Amendment violation); *see also Strickland v. Halsey*, 638 F. App'x 179, 183 (4th Cir. 2015) (noting that prisoners at a Virginia prison "are separated in individual metal cages even during outdoor recreation time"). Townsend has provided no allegations to support a claim that the particular enclosed space is constitutionally inadequate.

As for Townsend's related contention that "prisons must provide adequate space and equipment for exercise," Compl. at 3, Townsend likewise has not provided any details to suggest that he is personally subject to inadequate space or equipment. Townsend's claims regarding the space and equipment for recreation will therefore be dismissed. However, the Court will dismiss the claim without prejudice to Townsend's ability to litigate the issue in the future should he file an adequate complaint.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. The Motion is granted as to any alleged inadequate outdoor recreation time from March 15, 2017 to November 2, 2017 but denied as to the time period from February 16, 2017 to March 15, 2017. A separate Order shall issue.

Date: January 29, 2019

THEODORE D. CHUANG
United States District Judge