# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

DEVON TOWNSEND,

    Plaintiff,

v.

STEPHEN T. MOYER,
*Secretary of Public Safety*,
RICHARD J. GRAHAM, JR., *WCI Warden*,
and
JAMES SMITH, *Lieutenant at WCI*,

    Defendants.

Civil Action No. TDC-17-3385

## MEMORANDUM OPINION

Plaintiff Devon Townsend, an inmate at Western Correctional Institution ("WCI") in Cumberland, Maryland, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the Eighth Amendment to the United States Constitution were violated when he was denied outdoor recreation for extended periods of time in 2017. Defendants previously filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which this Court granted in part and denied in part. The Motion was denied as to alleged deprivation of outdoor recreation time from February 16, 2017 to March 15, 2017, after this Court found that the record failed to establish definitive explanations for the denial of outdoor recreation time for Townsend during that time frame. *Townsend v. Moyer ("Townsend I")*, No. TDC-17-3382, 2019 WL 367637, at *4 (D. Md. Jan. 29, 2019). The Motion was otherwise granted. *Id.* at *5.

Defendants have now filed a Renewed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment addressing Townsend's lack of recreation time between February 16, 2017 and March 15, 2017. Townsend has filed a memorandum in opposition to the Motion

("Opposition"), as well as a Cross Motion for Summary Judgment, which reiterates the arguments made in his Opposition and asks that summary judgment be entered in his favor. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Defendants' renewed Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a Motion for Summary Judgment, will be GRANTED, and Townsend's Cross Motion for Summary Judgment will be DENIED.

## BACKGROUND

The factual allegations in Townsend's Complaint were set forth in the Court's memorandum opinion on the first Motion to Dismiss and are incorporated by reference here. *Townsend I*, 2019 WL 367637, at *1. With the Renewed Motion, Defendants now provide evidence establishing the following additional facts.

According to the verified records and declarations provided by Defendants, Townsend was placed on Administrative Segregation Pending Adjustment ("ASPA") on February 16, 2017, after he was charged with violating Rule 105 (possession of a weapon or an article modified into a weapon). Townsend remained in that status until March 10, 2017, the date of his adjustment hearing. Townsend was found guilty of violating Rule 105 and was sentenced to 180 days of segregation dating from March 10, 2017. While housed in ASPA status based on an alleged rule violation, inmates are not eligible to participate in recreation until they receive an adjustment hearing. WCI's written policies provide that:

> ***Adjustment While on Segregation***: If you receive a Notice of Infraction while on segregation, your recreation and shower privileges may be suspended until your adjustment hearing.

WCI.110.0006 App. 3 at 3, ECF No. 11-2.

A similar rule applies when an inmate is placed on Staff Alert status. Townsend was placed on Staff Alert status from March 13 to 15, 2017, after he barricaded his cell and flooded the tier, requiring correctional staff to conduct a cell extraction to resolve the incident. In connection with the March 13, 2017 incident, Townsend was charged with violating Rule 100 (engaging in a disruptive act), Rule 312 (interfering with performance of staff duties), and Rule 400 (disobeying an order). At an adjustment hearing held on March 29, 2017, Townsend pleaded guilty to the rule violations and was sentenced to 180 days of segregation, 120 days of revoked good time credits, and a one-year suspension of visitation.

As to the remaining days at issue, March 11, 2017 was a Saturday, and March 12, 2017 was a Sunday. The prior record evidence established that recreation is provided only Monday through Friday for inmates in segregation awaiting an adjustment hearing. *See* WCI.110.0006 App. 3 at 3 ("Recreation for those inmates on Disciplinary Segregation and those pending adjustment will be held Monday through Friday.").

In his Opposition, Townsend notes perceived discrepancies in the dates listed on the adjustment hearing documents regarding the start and end dates of his segregation period, but he does not deny that he was charged with possessing a weapon on February 16, 2017 and that assignment to ASPA or Staff Alert status means that he was not entitled to participate in recreation.

## DISCUSSION

### I. Amended Complaint

On May 6, 2019, during the pendency of this Motion, Townsend filed a letter, which the Court construes as a proposed Supplement to the Complaint, in which he alleges that he has been subjected to retaliation and deprived of adequate medical care following an assault that occurred on April 28, 2019. Where Townsend did not receive leave of Court to file the Supplement, and it

3

sets forth allegations of separate events that occurred two years after the events at issue in his Complaint, the Court will strike the Supplement. *See* Fed. R. Civ. P. 15(d) (stating that a party may supplement its pleading only on motion and reasonable notice). Where this case has proceeded through two dispositive motions, injecting new allegations from an entirely different time frame would significantly hinder the resolution of the case. Any claims arising out of more recent incidents must be filed in a separate action.

## II. Motion to Dismiss or, in the Alternative, Motion for Summary Judgment

In their Renewed Motion, Defendants seek dismissal or summary judgment on the grounds that (1) the undisputed facts establish that there were legitimate penological reasons to deny Townsend recreation time for the period of time between February 16, 2017 to March 15, 2017, such that there was no constitutional violation; and (2) Townsend's claim is barred by qualified immunity. In his Opposition and Cross Motion, Townsend asserts that the records offered in support of Defendants' Motion are inaccurate, that he did not know that he was forfeiting constitutional rights when he received a Notice of Infraction and was placed on ASPA, and that the prison's policies are unfair because he was effectively treated worse than inmates who had already been found guilty of an adjustment.

### A. Legal Standards

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual

allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

When a moving party submits affidavits or other evidence for the Court's consideration on a motion to dismiss, the Court ordinarily may not consider such materials unless the motion is treated as one for summary judgment. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted). To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d), or submit an equivalent request, explaining why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 245 (4th Cir. 2002).

Here, Townsend is on notice from the title of Defendants' motion that it may be treated as one seeking summary judgment, and he has not asserted a need for discovery. Instead, he has offered his own exhibits in support of his response and has filed a Cross-Motion for Summary Judgment. Although Townsend has not provided a declaration under oath despite being advised of his right to do so, his Complaint is verified and thus may be considered by the Court in ruling on a motion for summary judgment. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that "a *verified* complaint is the equivalent of an opposing affidavit for summary

5

judgment purposes, when the allegations contained therein are based on personal knowledge"). Accordingly, the Court construes Defendants' Motion as seeking summary judgment.

Under Federal Rule of Civil Procedure 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248–49.

### B. Eighth Amendment

Townsend claims that his missed recreation time constitutes cruel and unusual punishment in violation of the Eighth Amendment. An Eighth Amendment violation must have both objective and subjective components. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). The inmate must suffer an injury sufficiently serious that contemporary standards of decency have been violated. *See id.* "Since 'routine discomfort' is part of prison life," in order to demonstrate the objective component of a conditions-of-confinement claim, prisoners must demonstrate 'extreme' deprivations." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992)). Thus, while conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment, conditions that are merely restrictive or even harsh, "are part of the

penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). As for the subjective component, the Eighth Amendment requires a "sufficiently culpable state of mind" on the part of prison officials, *Williams*, 77 F.3d at 761, such as a "deliberate indifference" to the health and safety of inmates, *Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994).

As to Eighth Amendment claims stemming from complaints about prison recreation time, *In re Long Term Administrative Segregation of Inmates Designated as Five Percenters* ("*Five Percenters*"), 174 F.3d 464 (4th Cir. 1999), is instructive. In that decision, the court recognized that "[p]rison officials 'should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* at 469 (citation omitted). The court thus concluded that generally, a prison regulation "is valid if it is reasonably related to legitimate penological interests." *Id.* at 468 (citations omitted). In *Five Percenters*, the court held that long-term segregation under conditions including confinement to cells for 23 hours per day, without access to work, study, or school programs, and with only five hours of recreation per week did not violate the Eighth Amendment. *Id.* at 471–72.

The Fourth Circuit revisited its decision in *Five Percenters* in *Porter v. Clarke*, 923 F.3d 348, 359 (4th Cir. 2019), a case addressing the prolonged segregated confinement of Virginia death-row inmates. In *Porter*, the court affirmed the district court's determination that long-term, indefinite detention of death row inmates in conditions akin to solitary confinement created a substantial risk to which prison officials were deliberately indifferent, in violation of the Eighth Amendment. *Id.* at 353. However, in reaching that conclusion, the court drew a distinction between the facts in *Five Percenters*, where administrative segregation was based on an inmate's

in-prison conduct that posed a threat to prison order and safety, and conditions of confinement based solely on an inmate's sentence, as with the *Porter* death-row inmates. *See id.* at 359.

Here, the record establishes that Townsend's contested confinement was administrative segregation pending a hearing on his in-prison misconduct. The proper frame for analyzing the constitutional appropriateness of that confinement is thus *Five Percenters*, not *Porter*. Under the *Five Percenter* analysis, Townsend's claim fails.

Defendants' first motion did not provide evidence to support a legitimate rationale for denying Townsend recreation time. There is now, however, undisputed evidence establishing that Townsend engaged in behavior constituting a threat to prison security, at first possessing a weapon, then later flooding the tier and barricading himself inside his cell. Whether Townsend was aware that such conduct would result in the deprivation of recreation time is immaterial. Under these circumstances, a temporary deprivation of recreation time in order to maintain order and security before an adjustment hearing does not constitute cruel and unusual punishment. *See Five Percenters*, 174 F. 3d at 469. In so concluding, the Court does not find that a total deprivation of recreation in advance of an adjustment hearing could not, if it extended into months or years, violate the Eighth Amendment. Prisons should consider whether their policies should be adjusted to place time limits on such deprivations. Nevertheless, under the facts of this case, Defendants' actions did not violate the Eighth Amendment, and they are entitled to summary judgment in their favor. The Court therefore need not reach Defendants' additional arguments.

## CONCLUSION

For the foregoing reasons, Townsend's Supplement to Complaint will be STRICKEN; Defendants' Renewed Motion to Dismiss, or in the Alternative, Motion for Summary Judgment will be GRANTED, and Townsend's Cross Motion for Summary Judgment will be DENIED. A separate Order shall issue.

Date: September 23, 2019

THEODORE D. CHUANG
United States District Judge